Case 4:15-cv-00196   Document 34   Filed in TXSD on 08/25/16   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
August 25, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLLINS BACKHOE & WATER SERVICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-196 |
| | § | |
| ANADARKO PETROLEUM CORP., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM AND ORDER**

On March 23, 2016, the court granted Collins Backhoe & Water Service's motion for summary judgment and denied Anadarko Petroleum Corporation's cross-motion. These cross-motions raised two questions. The first was whether Texas or Wyoming law applied; the second was whether and how that choice mattered. Both answers turned on whether a contract to install a sand trap on a gas well is an "agreement pertaining to any well for oil, gas, or water" under Wyoming law. The court's ruling addressed that issue, and in May, 2016, the court entered partial final judgment.       The parties have now settled. They have asked the court to dismiss the case with prejudice based on their Receipt, Release, and Indemnity Agreement settling Collins's claims against Anadarko. (Docket Entry No. 33). That motion is granted and an order of dismissal with prejudice is separately entered.

As part of the settlement, the parties also filed an agreed motion asking for an order vacating the March 23, 2016 order granting summary judgment and the May 18, 2016 partial final judgment. (Docket Entry No. 32). This motion is denied.

Most appellate courts to consider the issue hold that exceptional circumstances are needed to grant party requests to vacate previously issued opinions or rulings as part of settlements.  In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), the litigants settled after oral argument and asked the Supreme Court to vacate the Court of Appeals's judgment without finding error. The Supreme Court held that equitable principles weighed against granting vacatur.  First, a settling party gives up the legal remedies available through appeal or certiorari and with that gives up the extraordinary equitable remedy of vacatur.  Second, vacatur was just as likely to "*deter* settlement at an earlier stage" as to facilitate it.  "*Some* litigants, at least may think it worthwhile to roll the dice rather than settle in the district court, or in the court of appeals, if, but only if, an unfavorable outcome can be washed away by settlement-related vacatur." *Id.* at 28 (emphasis original). The Court's opinion favorably cited the dissent in *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993), that "'[j]udicial precedents are presumptively correct and valuable to the legal community as a whole.  They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.'" *Bancorp*, 513 U.S. at 26-27.

*Bancorp* addressed a petition to the Supreme Court to vacate a lower court's final judgment. Appellate courts have applied *Bancorp*'s reasoning to settlement decrees that petition district courts to vacate their own orders. *See Valero Terrestrial Corp. v. Paige,* 211 F.3d 112, 117 (4th Cir. 2000) ("In the circumstance of vacatur due to mootness [e.g., by settlement] . . . we are satisfied that the standards under 28 U.S.C. § 2106 [vacating a final decision on appeal] and Rule 60(b) [vacating a district court order] are essentially the same.")  The Fifth Circuit has not ruled on the standard for district courts to grant settling parties' requests to vacate orders the district court issued.

Unpublished and per curium opinions indicate that the Fifth Circuit reads *Bancorp* as establishing a general rule that "mootness by reason of settlement justifies vacatur only in 'exceptional circumstances,' which 'do not include the mere fact that the settlement agreement provides for vacatur.'" *Jackson v. Frisco Independent School District*, 2015 WL 5124137 (5th Cir. 2015) (per curiam); *see also Ministry of Oil of the Republic of Iraq v. Kurdistan Region of Iraq*, 634 Fed. Appx. 953 (5th. Cir. 2015) (per curiam) ("Having considered the facts of this particular case, we hold that the KRG has not carried its burden to demonstrate 'equitable entitlement to the extraordinary remedy of vacatur.'" (quoting *Bancorp*, 513 U.S. at 26)); *Woodland v. City of Houston*, 1996 WL 752803 (5th Cir. 1996) ("We are persuaded that the circumstances are here exceptional, apart from the agreement to vacate, which alone would not be sufficient.").

The Ninth and Seventh Circuits appear to hold district courts to a lower standard than the extraordinary- or exceptional-circumstances test. In those circuits, district courts may grant vacatur based on the balance of the equities. *See American Games, Inc. v. Trade Products, Inc.,* 142 F.3d 1164, 1168-69 (9th Cir. 1998); *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1003-04 (7th Cir. 2007). Recently, the Eleventh Circuit ruled that the exceptional-circumstances test applied to a post-settlement motion asking a district court to vacate its summary judgment order. The court found the test satisfied because the settlement was not reached until after two rounds of court-ordered mediation and appellate oral arguments. *Hartford Casualty Insurance Co. v. Crum & Forster Specialty Insurance Co.*, 2016 WL 3741972 (11th Cir. 2016).

Recent district court opinions follow the exceptional-circumstances approach in *Bancorp*. *See Medtronic Vascular, Inc. v. Boston Scientific Corp*., 2009 WL 383237 at *2 (E.D. Tex. 2009) ("The only reason presented to the Court to vacate its earlier orders is that the parties have entered

into a settlement agreement. Granting a vacatur based solely on this reason would effectively result in the exact same relief that *Bancorp* holds is inappropriate." The court noted that "parties would indeed be willing to 'roll the dice' if the result could easily be overcome through settlement and vacatur."); Order Denying Stipulated Motion to Vacate Order, *Single Touch Interactive, Inc. v. Zoove Corp.*, No. 12-831 at 2-3 (N.D. Cal. Nov. 26, 2013) (refusing to grant request to vacate a claim-construction order in a patent dispute despite the parties' argument that it would serve the public policy favoring settlement and was a "significant factor" in resolving the litigation; noting that "permitting parties to vacate interlocutory decisions may discourage earlier settlement and instead incentivize parties to take cases through the entire *Markman* process, or other non-dispositive rulings, in order to test their positions, knowing they could effectively 'erase' that decision through settlement later"; and finally observing that the value of the "substantial [judicial] resources" required to reach decisions would be diminished if the order were vacated).

In a few cases, such as *Medtronic Vascular*, courts base their decision in part on how much precedential value or public interest the order in question may have. In *Automobile Club of Southern California v. Mellon Bank*, 224 F.R.D. 657 (C.D. Cal. 2004), the court vacated its judgment, noting that there was little chance of subsequent litigation between the parties, "the effect of res judicata is of secondary importance" because the settlement was final, and there was little precedential value because the "action involved a fact-specific contract formed under Delaware law." *Id.* at 659. In *Single Touch*, the court placed some weight on the fact that "other courts may consider [the interlocutory order] for its persuasive value, particularly when construing the terms of the patents at issue here." No. 12-831 at 3. But most courts do not distinguish based on the extent of precedential or persuasive value in the order the parties seek to vacate. *See Vertex Surgical, Inc.*

*v. Paradigm Biodevices, Inc.*, 2009 WL 2749668 (D. Mass. 2009) (while district court decisions are neither authoritative nor precedential and bind only the parties, "[v]acating a portion of that opinion deprives the public of the full measure of a reasoned public act.").

Federal courts agree that a district court's decision to vacate an order is a matter of equitable discretion. Most read *Bancorp* to counsel against vacatur absent "extraordinary circumstances" that outweigh the harm to public interest. The courts agree that whether extraordinary or exceptional circumstances are required or whether a balance of equities suffices, the mere fact that the parties have settled the case and asked for vacatur as part of the settlement is not enough. That is all the parties here have done. The motion to vacate is therefore denied.

SIGNED on August 25, 2016, at Houston, Texas.

_____
          Lee H. Rosenthal
          United States District Judge